**Richard P. SHOEN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–794.

United States Court of Veterans Appeals.

Argued March 14, 1994.

Decided May 19, 1994.

Joseph A. Davies, Denver, CO, for appellant.

Michele Russell Katina, with whom Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

HOLDAWAY, Judge:

Appellant, Richard P. Shoen, appeals a March 9, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which found that appellant's income was excessive for the receipt of pension benefits effective May 1, 1991. *Richard P. Shoen,* BVA 92–__ (Mar. 9, 1992). The Court will dismiss the appeal.

## I. FACTS

In a February 1991 rating decision, appellant was found to be permanently and totally disabled for VA pension purposes. The effective date of his pension award was April 1990.

Appellant received and accepted his last pension payment on April 1, 1991. In early April 1991, appellant received a lump-sum check from the Social Security Administration (SSA) in the amount of $27,650.00, which represented accrued monthly Social Security disability payments dating from July 1985. Appellant photocopied the check, and typed a note, dated April 8, 1991, stating he wished to renounce his VA pension benefits for one month. The note read:

> Attached is [a] copy of [my] lump[-]sum Social Security [award]. I wish to renounce benefits for 1 month so as not to have this lump sum count against me. I have not yet received my SSA letter, but believe that I was told by my worker that it would be $604/mo. I will submit the SSA letter as soon as [it is] received, [and will] advise [you] of any remaining monies [and] projected interest income (if any).

The date of the SSA "Notice of Award" was April 10, 1991.

On April 19, 1991, the VA Regional Office (RO) in Denver, Colorado, sent appellant a letter notifying him that the VA had terminated his pension award because the RO had received evidence showing that "[y]our family income or net worth has changed." The RO informed appellant that the evidence supporting the termination consisted of the lump-sum check from SSA, as well as a monthly payment of $604.00 from SSA which he was receiving. The RO informed appel-

lant that this put his countable annual income at $34,294.00, well above the maximum allowable by law of $9,343.00. Appellant filed his Notice of Disagreement (NOD) as to the termination on May 6, 1991. Concurrently with the NOD, appellant filed a reapplication for pension benefits, acknowledging that he could not, as he had attempted to do, "renounce" benefits and reapply for benefits in the same document.

Appellant received a VA pension check dated May 1, 1991. Appellant returned the check to the VA and received a "Receipt for Returned Treasury Check" dated May 6, 1991.

Appellant filed an appeal to the BVA in July 1991. In March 1992, the Board found that appellant's retroactive SSA award was countable as income in determining his VA pension benefits and, therefore, that his VA pension benefits were properly terminated with an effective date of May 1, 1991. The Board found that appellant's pension had to be terminated effective the end of the month pursuant to 38 C.F.R. § 3.660(a) (1993), which provides that a reduction or discontinuance of benefits will be effective the end of the month in which the increased income was received. The Board reasoned that, while appellant subsequently attempted to renounce his benefits, there can be no renouncement of a benefit which already had been terminated. The Board concluded that appellant had no entitlement to benefits beginning May 1, 1991, and that any attempt to renounce such benefits was of no effect.

## II. ANALYSIS

This appeal is from a BVA decision affirming an RO adjudication which terminated, as of May 1991, an improved pension that had been awarded to appellant in 1990. Appellant does not contest the correctness of the termination of the pension nor does he claim that he has been denied any monetary benefits due him arising out of the terminated pension. In point of fact, he maintains that by sending him a payment on May 1, 1991, the VA attempted to *overpay* him for the terminated pension. The only "adverse" decision that appellant can point to is a contingent one; i.e., by making the effective date of

his putative renouncement later rather than earlier, the RO *may* have prevented him from shielding the lump-sum SSA payment from consideration as income on his subsequent reapplication for pension.

In short, this appeal does not arise out of any decision that is adverse to appellant in the adjudicative action to which he filed his NOD, the termination of the pension, but is premised entirely on a *possible* adverse action on the subsequent reapplication. However, as the law makes clear, this subsequent reapplication is a new and original claim. 38 U.S.C. § 5306(b). The latter claim is not before this Court; nor from the record before us can it be determined whether this new claim has been, or is being, adjudicated. It is fundamental that in order to obtain appellate review there must be a case or controversy, *see Waterhouse v. Principi*, 3 Vet.App. 473 (1992); i.e., the appealing party must be adversely affected by the decision to which he takes exception (*see* 38 U.S.C. § 7266(a)).

We find in this case that there is no adverse decision on which appellant may base an appeal. Any opinion by this Court as to the possible adverse effect of the present BVA decision on the later, and wholly discrete, claim of May 3, 1991, would be advisory as to a future adjudication and beyond our jurisdiction. *See generally* 38 U.S.C. § 7252. It is noteworthy that in his brief appellant's prayer for relief asks that the reapplication be treated as a new application (which, of course, it is), and that the Court rule, *as to this new claim*, that the SSA payment not be considered as income. It is hard to imagine a more specific request for an advisory opinion than that.

Accordingly, the appeal will be dismissed. The Court does note that there is some doubt as to whether the "new" claim has been or is being adjudicated. If it is not, it should be. In the adjudication of that claim, the issues of whether appellant's attempted renouncement was a "total" renouncement pursuant to 38 U.S.C. § 5306 and 38 C.F.R. § 3.106, the effective date of any renouncement, and the effect of the foregoing on appellant's eligibility for a "new" pension notwithstanding his

lump-sum receipt of SSA benefits may then be fully litigated.

The appeal is dismissed. *See Waterhouse, supra.*