Citation Nr: 1749206 
Decision Date: 10/07/17 Archive Date: 11/06/17

DOCKET NO. 12-17 066 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for a skin disability, claimed as chloracne, to include as due to exposure to herbicide agents.

2. Entitlement to an initial rating in excess of 30 percent for posttraumatic stress disorder (PTSD).

3. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).

4. Entitlement to an effective date earlier than May 11, 2010, for service connection for PTSD, to include on the basis of clear and unmistakable error in in an August 2007 rating decision that denied service connection for PTSD.


REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESSES AT HEARING ON APPEAL

Appellant and Spouse


ATTORNEY FOR THE BOARD

H. Ahmad, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1968 to August 1971.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. The Veteran testified before the undersigned at a June 2015 videoconference hearing. A transcript of that hearing is of record.

An April 2017 decision granted service connection for PTSD. As the benefit sought on appeal has been granted, that issue is no longer before the Board. Shoen v. Brown, 6 Vet. App. 456 (1994). 

The issue of entitlement to an increased rating for PTSD is REMANDED to the Agency of Original Jurisdiction.


FINDING OF FACT

The preponderance of the evidence is against a finding that the Veteran currently has a skin disability.


CONCLUSION OF LAW

The criteria for entitlement to service connection for a skin disability, to include as due to herbicide agent exposure, have not been met. 38 U.S.C.A. §§ 1110, 1112, 1116 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the claims file. While the Board must provide reasons and bases supporting a decision, there is no need to discuss, in detail, the evidence submitted by or on behalf of the Veteran. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000) (Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence of record. The Veteran should not assume that the Board has overlooked pieces of evidence that are not explicitly discussed. Timberlake v. Gober, 14 Vet. App. 122 (2000).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the Veteran. Equal weight is not given to each piece of evidence contained in the record. Every item of evidence does not have the same probative value. When the evidence is assembled, the Board is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Duties to Notify and Assist

VA has a duty to notify a Veteran of the information and evidence necessary to substantiate a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2017). VA also has a duty to assist Veterans in the development of claims. 38 U.S.C.A. §§ 5103, 5103A (West 2014). Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2017); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will to provide; and (3) that the claimant is expected to provide. The notice should be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The notice requirements apply to all five elements of a service-connection claim, including: (1) Veteran status; (2) existence of a disability; (3) a connection between service and the disability; (4) degree of disability; and (5) effective date of the disability. The notice should include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Dingess v. Nicholson, 19 Vet. App. 473 (2006). The notification requirements were met in correspondence to the Veteran dated in May 2010.

The Board also finds that VA's duty to assist has been satisfied. VA has done everything reasonably possible to assist the Veteran with respect to the claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (2017). All identified and available treatment records have been secured, which includes VA examinations and VA and private health records. The Veteran has not identified, and the file does not otherwise indicate, that there are any additional records that should be obtained prior to the appeal being adjudicated by the Board. Thus, the Board finds that the duty to assist has been satisfied to the extent possible and further attempts to obtain records would be futile. 

VA's duty to assist also includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on the claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. §§ 3.159(c)(4), 3.326(a) (2017); McLendon v. Nicholson, 20 Vet. App. 79 (2006). When VA provides a claimant an examination or obtains a medical opinion, the examination or opinion must be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). An adequate examination must consider the issue at hand and provide sufficient analysis for the Board to weigh that examination against others. Stefl v. Nicholson, 21 Vet. App. 120 (2007). A medical opinion is adequate when it is based on consideration of a Veteran's medical history and examinations, and the final report describes the disability in sufficient detail so that the Board's evaluation of the claimed disability will be a fully informed one. Ardison v. Brown, 6 Vet. App. 405 (1994); Green v. Derwinski, 1 Vet. App. 121 (1991). 

The Veteran was provided with multiple VA examinations, most recently in March 2017. The examiners reviewed the record, considered the Veteran's contentions, and provided an explanation and rationale for all opinions. Therefore, the Board finds that the VA medical opinions are adequate. The Board is satisfied that all relevant facts have been adequately developed to the extent possible and that no further assistance is required to comply with the duty to assist. Accordingly, the Board will proceed with a decision.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2017). To establish a service connection for a disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

That determination requires a finding of current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d) (2017). 

A Veteran who served in the Republic of Vietnam between January 9, 1962, and May 7, 1975, is presumed to have been exposed to certain herbicide agents during that service, absent affirmative evidence to the contrary. Service in the Republic of Vietnam includes service in other locations if the conditions of service involved duty or visitation in Vietnam. 38 U.S.C.A. § 1116(f) (West 2014); 38 C.F.R. § 3.307(a)(6)(iii) (2017).

The presumption requires that manifestation of a listed disease to a degree of 10 percent or more within the time period specified for each disease. 38 C.F.R. § 3.307(a)(6)(ii) (2017). Among the diseases that are associated with herbicide agent exposure for purposes of the presumption are chloracne and other acneform disease consistent with chloracne. 38 C.F.R. § 3.309(e) (2017). 

Even if a Veteran is not entitled to presumptive service connection for a disease claimed as secondary to herbicide agent exposure, VA must also consider the claim on a direct basis. When a disease is first diagnosed after service, but not within the applicable presumptive period or a presumptive disability, service connection may nonetheless be established by evidence demonstrating that the disease was in fact incurred in service. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

A Veteran need only demonstrate that there is an approximate balance of positive and negative evidence in order to prevail. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 519 (1996). 

The Veteran contends that he developed a skin disability due to in-service herbicide agent exposure. As the Veteran served in Vietnam, he is presumed to have been exposed to herbicide agents during service. 

The service medical records show a September 1970 complaint of small sore-like blisters on the hands and legs. The Veteran was diagnosed with dishydrosis, and given steroid cream for treatment. Several days later, the Veteran complained of hives on the arms and legs. The examiner assessed the problem as an allergic reaction to Penicillin. A June 1971 separation examination found a normal evaluation of the skin. The Veteran indicated not skin problems on a report of medical history completed at separation. 

June 2007 VA medical records indicate the Veteran reported to the emergency room complaining of hives on the body and face, and swollen eyes. The problem was assessed as an allergic reaction. 

At a January 2011 VA examination, the examiner indicated that the Veteran did not have a skin disability. The Veteran reported he had not had any skin treatment within the prior 12 months. On examination, the Veteran had no rash, hives, or chloracne. The examiner noted that the Veteran was treated for dishydrotic eczema in service, but stated there was none present on exam. The examiner also noted no history or documented evidence of chloracne. 

At a March 2017 VA examination, the examiner noted that the Veteran's separation examination was silent for any diagnosis of chloracne. The examiner reported that the Veteran did not have a skin condition, including chloracne. 

The Board finds that the preponderance of the evidence is against a finding that the Veteran currently has a skin disability. The only treatment records relating to skin problems were diagnosed as allergic reactions. While the Veteran is competent to give evidence about observable symptoms such as a rash, he is not competent to self-diagnose a medical condition of the skin. Layno v. Brown, 6 Vet. App. 465 (1994). The first essential criterion for the grant of service connection, competent evidence of the disability for which service connection is sought, has not been met. Congress has specifically limited entitlement to service-connected benefits to cases where there is a current disability. In the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223 (1992).

Accordingly, the Board finds that the preponderance of the evidence is against the claim for service connection a skin disability, to include chloracne as due to exposure to herbicide agents, and the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for a skin disability, to include chloracne, is denied.


REMAND

Regarding the claim for increased rating for PTSD, the Veteran submitted a May 2017 notice of disagreement with the initial rating assigned for PTSD in the April 2017 rating decision. The May 2017 statement is a timely notice of disagreement with that rating decision. No statement of the case addressing those claims has been issued. Therefore, the Board is required to remand the claims for issuance of a statement of the case. Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

1. Issue a statement of the case on the issues of entitlement to an increased rating for PTSD, entitlement to TDIU, and entitlement to an effective date earlier than May 11, 2010, for service connection for PTSD, to include on the basis of clear and unmistakable error in in an August 2007 rating decision that denied service connection for PTSD. Notify the Veteran of his appeal rights and that he must submit a timely substantive appeal to receive appellate review of those issues. If a timely substantive appeal is received, return that claim to the Board.

2. Then, readjudicate the claims. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs