﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190327-6923
DATE: December 31, 2019

ORDER

The appeal seeking service connection for residuals of a left leg injury is dismissed. 

The appeal seeking service connection for a disability manifested by diarrhea and vomiting is dismissed. 

Service connection for right shoulder disability, to include acromioclavicular (AC) joint osteoarthritis, rotator cuff tear with retraction, and biceps tendinitis is denied. 

Service connection for degenerative arthritis of the right knee is denied.

REMANDED

Service connection for bilateral senile cataracts is remanded.

Service connection for bilateral presbyopia is remanded.

Service connection for bilateral dry eyes is remanded.

Service connection for bilateral transient diplopia is remanded.

Service connection for bilateral age-related macular degeneration is remanded.

FINDINGS OF FACT

1. Service connection is already in effect for arthritis of the left knee, radiculopathy of the left lower extremity associated with degenerative joint disease (DJD) of the spine, peripheral neuropathy of the left lower extremity associated with diabetes, and residuals of surgical excision of a cyst from the left leg. 

2. The presently claimed left leg symptoms are the same manifestations already evaluated and compensated under different diagnoses.

3. Service connection is already in effect for granulomatous colitis and inflammatory bowel disease with history of duodenal diverticulum scarring. 

4. The presently claimed diarrhea and vomiting symptoms are the same manifestations already evaluated and compensated under different diagnoses.

5. There is no controversy or justiciable issue currently before the Board with regard to the claims of service connection for left leg disability and a disability manifested by diarrhea and vomiting. 

6. The preponderance of the evidence is against finding that the Veteran’s right shoulder osteoarthritis, rotator cuff tear, or biceps tendinitis began during active service, manifested to a compensable degree within the applicable presumptive period following active service, or is otherwise etiologically related to an in-service injury or disease.

7. The preponderance of the evidence is against finding that the Veteran’s right knee osteoarthritis began during active service, manifested to a compensable degree within the applicable presumptive period following active service, or is otherwise etiologically related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The claim of entitlement to service connection for residuals of a left leg injury is dismissed due to the absence of a controversy at issue. 38 U.S.C. § 7105(d) (2012); 38 C.F.R. § 4.14 (2018).

2. The claim of entitlement to service connection for residuals of a disability manifested by diarrhea and vomiting is dismissed due to the absence of a controversy at issue. 38 U.S.C. § 7105(d) (2012); 38 C.F.R. § 4.14 (2018).

3. The criteria to establish service connection for right shoulder osteoarthritis, rotator cuff tear, and biceps tendinitis are not met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307 (2018).

4. The criteria to establish service connection for right knee osteoarthritis are not met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force from September 1960 to September 1980.

The issues of service connection for a neurological and/or muscle disease manifested by muscle pain, claimed as due to in-service exposure to an herbicide agent, asbestos, anthrax vaccinations, bromide tablets, and/or as due to undiagnosed illness or other qualifying chronic disability, and the issue of entitlement to a rating in excess of 30 percent for the Veteran’s service-connected chronic obstructive pulmonary disease (COPD) were the subject of a hearing by another Veterans Law Judge (VLJ) from the Board of Veterans’ Appeals in May 2019. These issues were remanded by that VLJ in October 2019 for additional development, with discussion that the nine issues listed above would be adjudicated separately. The two sets of appeals are maintained herein as separate appeals streams. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. The claims of service connection for residuals of a left leg injury and a disability manifested by diarrhea and vomiting are dismissed.

The Veteran seeks entitlement to service connection for residuals of a left leg injury. In VA treatment records nearly contemporaneous to the period on appeal, the Veteran describes his left leg symptoms as weakness in the legs, pain, and a feeling “like a band around my knees.” See, e.g., VA treatment record, July & April 2018. Service connection is already in effect for arthritis of the left knee with painful motion and loss of flexion (rated as 10 percent disabling under Diagnostic Code 5010-5260), for radiculopathy of the left lower extremity associated with DJD of the spine with chronic pain and loss of motion (rated as 10 percent disabling under Diagnostic Code 8599-8520), peripheral neuropathy of the left lower extremity associated with diabetes (rated as zero percent disabling under Diagnostic Code 8599-8521), and residuals of a left leg surgical cyst excision scar (rated as zero percent disabling under Diagnostic Code 7805). The assigned ratings specifically contemplate the symptoms of both orthopedic and neurologic pain, weakness, and left knee discomfort affecting the left leg. 

Similarly, the Veteran seeks service connection for a disability manifested by diarrhea and vomiting. VA claims form 21-526EZ, December 2018. Service connection is already in effect for colitis and inflammatory bowel disease, to include symptoms of bleeding, diarrhea, and vomiting (rated as 30 percent disabling under Diagnostic Code 7329-7323). See, e.g., Rating decision code sheet, March 2004 (noting symptom of vomiting included in rating for colitis/inflammatory bowel disease); Rating decision, July 1992 (describing colitis/bowel evaluation as including consideration of abdominal cramping and diarrhea). 

Pyramiding, or the evaluation of the same disability under different diagnostic codes, is prohibited under 38 C.F.R. § 4.14. As service connection for the described left leg and diarrhea/vomiting symptoms has already been established and evaluated, there remains no controversy or justiciable issue before the Board for adjudication at this time. Thus, the associated service connection claims are dismissed. 38 U.S.C. § 7105(d). See Shoen v. Brown, 6 Vet. App. 456, 457 (1994); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

2. Service connection for right shoulder disabilities including AC joint osteoarthritis, rotator cuff tear, and biceps tendinitis is denied.

The Veteran has contended that he experiences right shoulder pain related to his active service and as such should be entitled to service connection for these disabilities. See, e.g., VA claims form, December 2018. He subsequently stated that he did not recall seeking service connection for a right shoulder disability and associated this claim for right shoulder impairment with his separately pending “Gulf War Claim” for undiagnosed illness affecting his musculoskeletal system. Veteran’s argument, March 2019. However, as discussed above, the undiagnosed illness appeal was remanded by the Board and is not presently for appellate adjudication. That claim will be addressed in concordance with the prior remand in a separate appeals stream. Thus, the Board reviews here only whether the Veteran’s diagnosed right shoulder arthritis, rotator cuff tear, and biceps tendinitis began during service or whether arthritis manifested to a compensable degree within one year following active service. The Veteran has not otherwise claimed that his right shoulder disabilities are secondary to another disability for which service connection has been granted. 

Also of note, service connection is already in effect for peripheral neuropathy of the right upper extremity, and pain due to that disability is not for consideration here. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Service connection may also be established on a presumptive basis for certain chronic diseases manifested to a compensable degree within a specific time period, usually within one year of discharge from service. 38 U.S.C. §§ 1101, 1112, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309 (2018). The specifically applicable chronic diseases are listed in 38 C.F.R. § 3.309(a) and include arthritis which will be addressed here. 

The question for the Board is whether the Veteran has a current right shoulder disability that began during service, a relevant presumptive period, or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a diagnosis of osteoarthritis of the right shoulder AC joint, a rotator cuff tear, and biceps tendinitis, the preponderance of the evidence is against finding that any of these conditions began during active service, or is otherwise related to an in-service injury, event, or disease. 

In October 2018, shortly prior to the present claim, a VA treatment notation shows that the Veteran was seen for evaluation of right shoulder pain and weakness that had existed for several months since a fall occurring a few months prior in April 2018. X-ray and magnetic resonance imaging (MRI) reports were reviewed and the Veteran was diagnosed with osteoarthritis of the right shoulder AC joint, a chronic retracted rotator cuff tear, and biceps tendinitis. VA treatment, October 2018. This finding occurred 38 years after the Veteran was discharged from active service. 

Moreover, the Veteran describes no in-service injury, event, or disease related to the diagnosed right shoulder osteoarthritis, rotator cuff tear, or tendinitis. Prior to the present claim, in December 2009, he was evaluated for reports including painful movement in all extremities, but no right shoulder diagnosis of arthritis, rotator cuff tear, or biceps tendinitis was rendered. Instead, the physician found only persistent myalgias without a likely neurological cause. No muscle tenderness or weakness was noted. Head turn and shoulder shrug were normal. VA treatment record, December 2009. 

The Veteran’s service treatment records also contain no report of injury or disease related to the right shoulder. Upon retirement examination in April 1980, the Veteran explicitly denied ever experiencing a painful or “trick” shoulder. Although he did endorse arthritis, rheumatism or bursitis, it does not appear that this is related to a right shoulder complaint as the Veteran only discusses arthritis in conjunction with other joints (spine, left shoulder, left wrist, left knee). Service treatment records, April 1980. Although this examination contains three pages of notes regarding significant medical history both during and before the Veteran’s Air Force service, the separation examination does not identify any complaint or medical finding with regard to the right shoulder. Upon examination at the time of retirement from active service, the Veteran’s bilateral upper extremities were found to be clinically normal.

The Board finds that the Veteran’s diagnosed right shoulder conditions meet the first element necessary to establish service connection in that a current disability is shown to exist during the present appeals period. However, the Board finds no evidence of an in-service injury or disease to which the current right shoulder disabilities are related, nor does the Veteran so contend. In the absence of an in-service incurrence or aggravation of a right shoulder disease or injury, direct service connection is not warranted. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303.

Additionally, although right AC joint arthritis is diagnosed, there is no evidence to show that this manifested to a compensable degree within one year from active service, i.e. by September 1981, nor does the Veteran assert such. Records of medical treatment in 1981 and 1982 show no indication of right shoulder arthritis. Thus, service connection on a presumptive basis is also not warranted for right shoulder arthritis. 38 U.S.C. §§ 1101, 1112, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309 (2018). 

3. Service connection for degenerative arthritis of the right knee is denied.

The Agency of Original Jurisdiction (AOJ) previously denied the claim of service connection for right knee pain with lack of mobility in a May 2006 rating decision. However, in a March 2019 rating decision, the AOJ found sufficient evidence to readjudicate the claim and decide the issue of service connection for right knee disability on its merits. As such, the presence of new and relevant evidence to readjudicate the claim is a favorable finding inferred in the March 2019 AOJ decision, and on this basis the Board now adjudicates the merits of the claim. 

Similar to the right shoulder claim discussed above, although a current diagnosis of right knee osteoarthritis is shown, the evidence does not show a right knee injury, disease, or event during the Veteran’s active service. His service treatment records do not reflect report of right knee symptoms, disease, or injury. Upon examination at separation from active service, the Veteran’s right lower extremity was found to be clinically normal. Although asymptomatic degenerative joint disease of the left knee with associated arthritis was documented, there is no finding or diagnosis of any right knee arthritis or other disability. Service treatment records, April 1980. 

Furthermore, in evidence that is presently reviewable by the Board, the Veteran has identified no in-service injury or disease to which he attributes his currently diagnosed right knee arthritis. In the absence of an in-service incurrence or aggravation of a right knee disease or injury, direct service connection is not warranted. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303.

The Veteran has identified no other currently service-connected disability that has caused or aggravated his present right knee arthritis. Although, as discussed above, he asserts that his claimed right knee pain is related to the nonspecific musculoskeletal and neurologic complaints for which he separately seeks service connection as undiagnosed illness, that issue will be separately addressed as it is the subject of a separate appeals stream.

Finally, although arthritis of the right knee is diagnosed, there is no evidence to show that this manifested to a compensable degree within one year from active service, or by September 1981, nor does the Veteran assert such. Records of medical treatment in 1981 and 1982 show no indication of right knee arthritis. Thus, service connection on a presumptive basis is also not warranted for right knee arthritis. 38 U.S.C. §§ 1101, 1112, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309 (2018). 

REASONS FOR REMAND

4. The claims of service connection for bilateral eye disabilities, to include senile cataracts, presbyopia, dry eyes, transient diplopia, and age-related macular degeneration are remanded.

The issues of entitlement to service connection for the claimed bilateral eye disabilities are remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. Where there is competent evidence of a current disability or persistent or recurrent symptoms of a disability, evidence establishing that an event, injury, or disease occurred in service, and an indication that the disability or persistent symptoms of a disability may be associated with service or another service-connected disability, but there is insufficient competent medical evidence to make a decision on the claim, the Veteran must be afforded a VA examination. McLendon v. Nicholson, 20 Vet. App. 79 (2006). In this case, there is evidence of current bilateral eye disabilities, and evidence of an eye infection caused by dust and treated with medication in service in 1969. The Veteran asserts that there may be an association between the current eye disabilities and his military service. However, the AOJ has not obtained a medical opinion on this matter. A remand is necessary to obtain an opinion. 

The matters are REMANDED for the following action:

Schedule the Veteran for an examination to determine the nature and etiology of any diagnosed eye disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including the documented 1969 eye infection. 

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. McDonald, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.