﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190716-19587
DATE: February 27, 2020

ORDER

The appeal for special monthly compensation based on an aid and attendance/ housebound allowance for the Veteran’s spouse is dismissed.

FINDING OF FACT

In August 2019, the Veteran was granted an aid and attendance allowance for his spouse.

CONCLUSION OF LAW

The appeal on the merits of the Veteran’s claim of entitlement to an aid and attendance allowance for his spouse is moot by virtue of the August 2019 rating decision granting the claim and there remains no matter in controversy for which the Board has jurisdiction on this issue. 38 U.S.C. §§ 7104(a), 7105(d)(5).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1988 to July 1994.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 Appeals Modernization Act (AMA) rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). In July 2019, the Veteran disagreed with the June 2019 rating decision and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The appeal for special monthly compensation based on an aid and attendance/housebound allowance for the Veteran’s spouse is dismissed.

In April 2019, the Veteran filed a claim for special monthly compensation based on an aid and attendance/housebound allowance for his spouse, although this was not apparent at first. At the time the Veteran submitted his claim, he also submitted an examination for housebound status or permanent need for regular aid and attendance for his spouse.

In June 2019, the RO denied entitlement to SMC without acknowledging that the Veteran was actually seeking the allowance for his spouse. In his July 2019 AMA Notice of Disagreement, Form 10182, the Veteran wrote that he disagreed with the June 2019 rating decision “denial of SMC (aid and attendance) for spouse [emphasis added].” In a subsequent August 2019 rating decision, the RO granted an aid and attendance allowance for the Veteran’s spouse. 

Under 38 U.S.C. § 7105(d)(5), the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. The Veteran’s claim for special monthly compensation based on an aid and attendance/housebound allowance for his spouse has already been granted in full in an August 2019 rating decision, so there is no longer any pending adverse determination for the Board to adjudicate with respect to the special monthly compensation claim. See Shoen v. Brown, 6 Vet. App. 456, 457 (1994).

(Continued on next page)

 

ictoria

The appeal on the merits is moot by virtue of the prior grant of an aid and attendance allowance for the Veteran’s spouse and must be dismissed. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

 

 

VICTORIA MOSHIASHWILI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Abrams, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.